MALCOM J. BUIE v. JOHN CARVER.

The act of 9th March, 1870, (Bat. Rev., chap. 35, sec. 37,) concerning conveyances to persons while slaves, does not apply to a case where one having himself no title made a parol conveyance of land to a slave, and put the slave in possession more than ten years before the passage of the act. That act extends only to cases where the alleged donor or vendor had title himself.

As the act of March 22d 1875, (Laws 1874–'75, chap. 2, sec. 6,) affects the remedy of parties only, it does not interfere with vested rights, and is not unconstitutional or void.

In an action to recover real estate it is not error to allow a deed for other land than that in controversy to be read in evidence to corroborate statements of witnesses.

CIVIL ACTION, to recover real estate, tried before BUXTON, J., at January Term, 1876, of CUMBERLAND Superior Court. This case was before this Court at June Term, 1875, on a question of evidence only.

Plaintiff claimed under a regular line of deeds, connecting his title with the original grant from the State in 1810— his immediate title being under deed from Joseph L. Haughton, dated February, 1859—which claim of title, it was admitted, covered the land in dispute; it was also admitted that at the time this action was commenced defendant was in possession of the disputed land. All the deeds of this claim of title plaintiff introduced as evidence at the trial.

Defendant offered in evidence a deed of gift of the land from plaintiff to his son Daniel Buie, dated June 15th, 1865, which, however, was probated and registered on October 1st, 1875, and argued that plaintiff having parted with his title could not bring this action. Plaintiff objected to the reading of this deed in evidence, because it had not been registered within two years after its date, as required by law (Bat. Rev., chap. XXXV, sec. 1), and the Legislature of

1874-'75 had not passed the usual extension act; and, further, because at the date thereof (as was admitted) the defendant was in actual possession of the land, claiming adversely to plaintiff, so that by the provisions of section 55, C. C. P., no title passed to the said Daniel Buie.

While the matter was in discussion *sub judice*, the defendant, as he said, by way of estopping plaintiff from denying that he had conveyed the land to his son, offered in evidence a deed from his son (said Daniel) to plaintiff, conveying a life estate to plaintiff in the land. This deed was dated June 16th, 1865, and was probated and registered October 2d, 1875. Plaintiff urged the same objection to this deed as to the former as regards its registration, and argued further, that if admitted by the Court its effect was to pass a life estate to plaintiff, and thus place him *rectus in Curiam.* His Honor excluded both deeds, as not affecting the case, and defendant excepted.

It was in evidence that defendant had formerly been a slave, but his owner had permitted him to buy himself, and that Jonathan Evans (now dead) had acted as his trustee or agent.

Defendant testified that on the 16th of December, 1852, he bargained with one Daniel Cornbow for 100 acres of land —fifty acres of which constituted the land in dispute; the other fifty constituted a tract which was admitted he now owned in fee—and that he paid the price through his agent, Evans; that Cornbow lived in a house on the disputed tract at the time of the sale, and moved out, and defendant moved into it, immediately after the sale; and defendant had continued in possession, without disturbance from plaintiff, until after the late war. Defendant introduced no deed to himself for any of the land, but introdueed corroborating evidence as to the extent and adverse character of his possession of the disputed land; and that plaintiff's overseer had heeded defendant's orders forbidding his crossing a

chopped line around the land, made by defendant. Plaintiff introduced Thomas Cornbow—a son of Daniel Cornbow, under whom defendant claimed—who testified that his father (who was a witness at the former trial of this case, in which there was a mistrial, and who has since died) stated at the former trial that he never owned any land adjacent to that in dispute, except fifty acres, which he purchased from William Wright, and this was what he sold to defendant. This witness gave further statements of his father's as to the nature of his possession of the disputed land; that he had put the house on it because not objected to by the owners, &c.

Plaintiff then offered in evidence a deed in fee from Daniel Cornbow to defendant's agent, Evans, for the fifty acres admitted to belong to defendant, which recited that it was the land conveyed to Cornbow by Wm. Wright, and bore date January 17th, 1853. Defendant objected, upon the ground that the deed so offered was for a tract of land not in controversy, which objection his Honor overruled.

Plaintiff then offered in evidence a deed in fee for the same fifty acres from one Bollin to said Wm. Wright, dated January 24th, 1843, to which evidence defendant raised same objection as to deed from Cornbow to Evans.

Plaintiff contended that both deeds should be admitted, because they tended to corroborate plaintiff's evidence as to what land Cornbow, under whom defendant claimed, did himself claim. His Honor overruled defendant's objection, and defendant excepted. The evidence having closed here, the following special instructions were asked for by defendant:

1. To charge that the defendant having been formerly a slave, his case came within the provision of the statute of 9th March, 1870, relating to donations to persons while in slavery. Bat. Rev., chap. 35, sec. 37. That if they should find that defendant went into possession in December, 1852, under a purchase from Daniel Cornbow, and had remained

36

there ever since—a period of more than ten years prior to the date of said statute—that this purchase, though by parol, accompanied by such possession, transferred to him the legal title by virtue of the statute, and the plaintiff could not recover. His Honor refused to give the charge, and, on the contrary, charged the jury, that the act of 9th March, 1870, had no application to this case; that the act in question presupposed that the bargainor or donor himself had the legal title, and merely validated the transfer to a slave, though by parol, when followed by ten years' possession prior to the act; whereas Daniel Cornbow, the alleged verbal donor in this case, had no title himself; besides, the plaintiff did not claim under Cornbow, so as to be estopped to deny Cornbow's title, but was at liberty to assert his own title against any one claiming under Cornbow, whether bond or free.  * * * * * *  Defendant excepted.

2. Defendant then asked his Honor to charge, that if from the evidence the jury believed that at the time the plaintiff, Malcom J. Buie, received his deed from John H. Haughton, in February, 1859, that the defendant was in adverse possession of the disputed land, then the plaintiff had acquired no title to such disputed land by such deed, and could not recover in this action; that the act of 1874–'75, chap. 256, ratified March 22d, 1875, did not apply to this action, and that section 2, of said act, was nugatory. His Honor refused so to do, but charged the jury, that the Act of 22d March, 1875, did apply to this case, as it merely affected the remedy against the defendant, and not his right, and the Court itself could affect the same thing by allowing plaintiff to amend his complaint by making John H. Haughton plaintiff in the action, to the use of the present.

Defendant excepted. Verdict and judgment for plaintiff. Appeal by defendant.

*Wright & Ray*, for plaintiff.
*Guthrie* and *W. McL. McKay*, for defendant.

READE, J.    There were a number of objections to the introduction of evidence on the trial below, which were not of importance, and which it is unnecessary to notice further than to say, that we approve of his Honor's rulings thereon.

1. The statute 9th March, 1870, Bat. Rev., chap. XXXV, sec. 37, provides that where there had been a conveyance of land to a slave, whether by deed or by parol, which he could not hold because he was a slave and which he had had the possession of for ten years before the passage of the statute, such conveyance should have the force and effect to vest the legal title in such person.

And the defendant, who was a slave in 1852, alleges that at that time one Cornbow gave him, by parol, the land in dispute, and that he has been in possession of the same ever since; and that his title is now perfect by force of that statute; and asked his Honor so to charge the jury, which his Honor declined to do, for the reason, that Cornbow himself had no title at the time he made the conveyance; and for the further reason. that the plaintiff did not claim under Cornbow and could not be affected by what Cornbow did.

We agree with his Honor in this ruling; and for the reasons stated by him.

2. We agree also with his Honor that the statute 1874-'5, chap. 256, which allows actions for the recovery of real estate to be prosecuted by the real owner, notwithstanding adverse possession by a third person at the time of the conveyance, embraces this case, although the action was commenced before the passage of the statute, for the reason that the statute affects the *remedy* only.

There is no error.

PER CURIAM.                    Judgment affirmed.